UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **BUZZFEED, INC.,** | |
| Plaintiff, | |
| v. | Civ. A. No. 18- 01556 (TSC) |
| **U.S. DEPARTMENT OF JUSTICE, ET AL.** | |
| Defendant. | |

**MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF ITS MOTION TO DISMISS**

On August 25, 2015, the Department of Justice ("DOJ") received a Freedom of Information Act ("FOIA") request from Christopher McDaniel, which requested that the Federal Bureau of Prisons ("BOP") provide to the requester copies of any and all records in its possession regarding certain categories of information related to chemicals used as part of the lethal injection protocol used by BOP when fulfilling its law enforcement mandate that tasks it with setting the method of execution when a sentence of death has been imposed. See Ex. 1 (FOIA Request No. 2015-07460). The request did not state or otherwise indicate that it was made on behalf of anyone other than Mr. McDaniel. See id. The request was assigned tracking number EMRUFOIA082515-2 by DOJ and was referred to the Federal Bureau of Prisons ("BOP") on August 31, 2015, where the BOP Central Office FOIA staff assigned FOIA Request No. 2015-07460 to the request. See Ex. 2 (BOP Final FOIA Response Letter, dated 5/10/2017).

In May 2017, based on the BOP FOIA processor's knowledge of the documents requested, the nature of the documents, pending litigation regarding death penalty issues, and consideration of the harm that would ensue if the requested information was disclosed, the BOP responded to Mr. McDaniel's request by notifying him that it was withholding all responsive documents, in full,

pursuant to FOIA exemptions 5, 6, 7(A), 7(C), 7(E) and 7(F).  See Ex. 2 (BOP Final FOIA Response Letter, dated 5/10/2017).[1]

On June 29, 2018, after OIP affirmed BOP's withholding of all documents responsive to Mr. McDaniel's request under Exemption 7(A), see Compl. ¶ 12, Buzzfeed, Inc. ("Buzzfeed") filed the instant Complaint alleging that DOJ and BOP had violated the FOIA by refusing to release documents to it.

## I.      LEGAL STANDARDS

### A.      Rule 12(b)(1) – Lack of Subject Matter Jurisdiction

Federal Rule of Civil Procedure 12(b)(1) requires dismissal of claims where the Court "lack[s] jurisdiction over the subject matter." Fed. R. Civ. P. 12(b)(1). "Rule 12(b)(1) presents a threshold challenge to the Court's jurisdiction . . . [and] the Court is obligated to determine whether it has subject-matter jurisdiction in the first instance." Curran v. Holder, 626 F. Supp. 2d 30, 32 (D. D.C. 2009) (internal citation and quotation marks omitted).  "A federal court presumptively lacks jurisdiction in a proceeding until a party demonstrates that jurisdiction exists. A party must therefore affirmatively allege in his pleadings the facts showing the existence of jurisdiction, and the court must scrupulously observe the precise jurisdictional limits prescribed by Congress." Commodity Futures Trading Comm'n v. Nahas, 738 F.2d 487, 492 n.9 (D.C. Cir. 1984) (emphasis added); see Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994) ("[I]t is presumed that a cause lies outside [the federal courts'] limited jurisdiction."). "If the court

---

[1] While a document-by-document search was not necessary at that time, as all responsive documents were categorically exempt, a search was later conducted to ensure all applicable exemptions could be addressed in this litigation. After completion of the search and upon processing of the responsive records, Defendants again determined it was appropriate to withhold all records and it asserted the following FOIA exemptions for these withholdings: Exemptions 4, 5, 6, 7(A), 7(B), 7(C), 7(E), and 7(F).

determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

When resolving a motion to dismiss based on lack of subject matter jurisdiction, the Court may consider evidence outside the pleadings without converting the motion to one for summary judgment.  See, McIver v. Mattis, 318 F. Supp. 3d 245, 250 (D.D.C. 2018) (noting that, when determining its jurisdiction, a court "'may undertake an independent investigation' that examines 'facts developed in the record beyond the complaint.'") (quoting Settles v. U.S. Parole Comm'n, 429 F.3d 1098, 1107 (D.C. Cir. 2005)); Fontaine v. JPMorgan Chase Bank, N.A., 42 F. Supp. 3d 102, 106 (D.D.C. 2014) ("In determining whether it has subject matter jurisdiction under Rule 12(h)(3), the court may consider facts beyond the pleadings.") (citing Land v. Dollar, 330 U.S. 731, 735 n. 4 (1947)); Concilio De Salud Integral De Loiza, Inc. v. U.S. Dep't of Health & Human Servs., 538 F. Supp. 2d 139, 144-45 (D.D.C. 2008) (In reviewing a motion to dismiss under Rule 12(b)(1), "the court is not limited to the allegations contained in the complaint . . . [but] may consider materials outside the pleadings[.]").

### B. Article III Standing

Where a plaintiff lacks standing under Article III of the United States Constitution to bring certain claims, the reviewing court lacks subject matter jurisdiction over those claims, and they must be dismissed pursuant to Rule 12(b)(1). See Hall v. Sebelius, 689 F. Supp. 2d 10, 18 (D.D.C. 2009).  "In order to establish . . . Article III standing, [a plaintiff] must both identify an 'injury in fact' that is 'actual or imminent' and 'fairly . . . trace[able] to the challenged action of the defendant,' and show it is 'likely, as opposed to merely speculative, that [the] injury will be redressed by a favorable decision.'"  Sherley v. Sebelius, 610 F.3d 69, 72 (D.C. Cir. 2010) (quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992)).

## II.     ARGUMENT

Defendant is entitled to dismissal of Buzzfeed's claims because the request that is the subject of the Complaint was not submitted by Buzzfeed. The FOIA statute "'creates a private cause of action for the benefit of persons who have requested certain records from a public agency and whose request has been denied. The denial of this right to request 'specific information' constitutes an injury-in-fact for standing purposes, "because [the requester] did not get what the statute entitled him to receive." Feinman v. F.B.I., 680 F. Supp. 2d 169, 173 (D.D.C. 2010) (internal citations omitted). In contrast, a "person whose name does not appear on a request for records has not made a formal request for documents within the meaning of the [FOIA] statute" and, as a result, "[s]uch a person, regardless of his or her personal interest in disclosure of the requested documents, has no right to receive . . . the documents." McDonnell v. United States, 4 F.3d 1227, 1236-37 (3d Cir. 1993) (internal citations omitted).

Similarly, where the person suing the agency alleging failure to disclose records was not the requester of the records that are the subject of the Complaint, the person lacks standing – and the Court lacks subject matter jurisdiction – over such a claim. See Kissinger v. Reporters Committee for Freedom of Press, 445 U.S. 136, 150 (in a FOIA case "federal jurisdiction is dependent on a showing that an agency has (1) 'improperly' (2) 'withheld' (3) 'agency records.'"). For instance, in Three Forks Ranch Corp. v. Bureau of Land Mgmt., 358 F. Supp. 2d 1 (D.D.C. 2005), the Court held that the plaintiff corporation lacked standing to pursue its purported FOIA action where the plaintiff was merely mentioned in the underlying FOIA request made by the corporation's attorney. Id. at 3. The requesting attorney did not specifically state that he was making the request "on behalf of" the plaintiff. Id. Likewise, in MAXXAM, Inc. v. FDIC, 1999 U.S. Dist. LEXIS 23364 (D.D.C. Jan. 29, 1999), the Court held that the corporate plaintiff, whose name did not appear on the FOIA request made by its representative, had "not administratively

4

asserted a right to receive [requested records] in the first place." Id. at *6. Accordingly, the plaintiff lacked standing. Id; see also SAE Productions, Inc. v. Fed. Bureau of Investigation, 589 F. Supp. 2d 76, 80 (D.D.C. 2008) (finding that a request "must clearly indicate that it is being made 'on behalf of' the corporation to give that corporation standing to bring a FOIA challenge")).

The same result is warranted here. The FOIA request at issue in this case – designated as DOJ Request No. EMRUFOIA082515-2 and BOP Request No. 2015-07460 – was submitted by Christopher McDaniel. See Ex. 1. Nowhere in Mr. McDaniel's FOIA request does it state that Buzzfeed was the requester or that he was submitting the request on behalf of Buzzfeed. In fact, the only place in the document where the term "Buzzfeed" can be seen is the domain name of Mr. McDaniel's email address. Id. Accordingly, because Buzzfeed was not the requester, it has no right to contest the denial of access to the records at issue, and it lacks standing to purse this FOIA claim.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request the Court dismiss Plaintiff's Complaint with prejudice.[2]

Dated: May 16, 2019                Respectfully submitted,

                                   JESSIE K. LIU, D.C. Bar No. 472845
                                   United States Attorney

                                   DANIEL F. VANHORN, D.C. Bar No. 924092
                                   Chief, Civil Division

---

[2] To avoid any confusion, Defendants note for the Court and Plaintiff that, as reflected in some of Defendants' prior motions that sought to extend the deadline for the filing of their dispositive motion, Defendants had originally intended to file a lengthy brief with a supporting declaration and Vaughn index that addressed the eight exemptions applied to withhold all records in this case (i.e., Exemptions 4, 5, 6, 7(A), 7(B), 7(C), 7(E), and 7(F)). However, upon a closer examination of the FOIA request, the law, and the facts while preparing the motion for summary judgment, undersigned counsel – who did not become substantively involved in this case until after a briefing schedule had been entered – determined that a motion to dismiss for lack of subject matter jurisdiction was the more appropriate filing to submit at this time.

2

By: /s/ *April Denise Seabrook*
    APRIL DENISE SEABROOK, D.C. Bar No. 993730
    Assistant United States Attorney
    555 Fourth Street, N.W.
    Washington, D.C. 20530
    Telephone: 202-252-2525
    April.Seabrook@usdoj.gov

    *COUNSEL FOR DEFENDANT*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **BUZZFEED, INC.,**<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>**U.S. DEPARTMENT OF JUSTICE, ET AL.**<br><br>　　　　　Defendant. | Civ. A. No. 18- 01556 (TSC) |

## *[PROPOSED]* ORDER

Upon consideration of Defendants' Motion to Dismiss, and Plaintiff's Opposition thereto, and the entire record herein, it is hereby **ORDERED** that the motion is **GRANTED.**

It is further ordered that this case is **DISMISSED WITH PREJUDICE.**

　　It is **SO ORDERED.**


_____　　　　　　　　_____
Date　　　　　　　　　　　　　　　　　　　　　　　Tanya S. Chutkan
　　　　　　　　　　　　　　　　　　　　　　　　　U.S. District Court Judge