UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **BUZZFEED, INC.,** | |
| Plaintiff, | |
| v. | Civ. A. No. 18-1556 (TSC) |
| U.S. DEPARTMENT OF JUSTICE, ET AL. | |
| Defendant. | |

### DEFENDANTS' REPLY IN SUPPORT OF ITS MOTION TO DISMISS

Plaintiff's Opposition attempts to salvage his claims by asserting that the Department of Justice's arguments regarding subject matter jurisdiction are "belated." It is well established, however, that parties "cannot waive subject matter jurisdiction by their conduct or confer it . . . . and the absence of jurisdiction can be raised at any time." *See District of Columbia v. Am. Fed'n of Gov't Emps., Local 1403*, 19 A.3d 764, 771 (D.C. 2011); *see also Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011) (stating that "Objections to subject-matter jurisdiction, however, may be raised at any time.")

Additionally, simply because a Defendant may at one time have mistakenly referenced the subject Freedom of Information Act ("FOIA") request as having been submitted to the agency by the Plaintiff in this action, this does not confer jurisdiction upon this Court over claims related to that FOIA request. To the contrary, "[b]ecause 'subject-matter jurisdiction is an 'Art[icle] III as well as a statutory requirement[,] no action of the parties can confer subject-matter jurisdiction upon a federal court.'" *Akinseye v. District of Columbia*, 339 F.3d 970, 971 (D.C. Cir. 2003) (quoting *Ins. Corp. of Ir., Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982)).

Moreover, where, as here, Defendant files a motion to dismiss a Complaint for lack of subject matter jurisdiction under Rule 12(b)(1), Plaintiff bears the burden of establishing jurisdiction by a preponderance of the evidence. *See Scruggs v. Bureau of Engraving & Printing*, 200 F. Supp. 3d 78, 81 (D.D.C. 2016) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992)). Here, Plaintiff has not met that burden.

Plaintiff's Opposition does not cite to any *evidence* showing that the FOIA request was submitted on behalf of Buzzfeed nor does it dispute Defendant's assertion that nowhere in Mr. Christopher McDaniel's FOIA request does it state that the FOIA request was being submitted on behalf of Buzzfeed. In fact, the only place in the document where the term "Buzzfeed" can be seen is the domain name of Mr. McDaniel's email address. *Id.* Plaintiff's Opposition makes a halfhearted attempt to connect Buzzfeed to the FOIA request by pointing out a reference to "we" in the FOIA request and claiming that "we" refers to Buzzfeed but, without more, this cannot reasonably be said to show by a preponderance of the evidence that Buzzfeed was the entity that submitted the FOIA request and has subject matter jurisdiction to challenge the Department of Justice's response to the FOIA request.

Where the person suing an agency alleging failure to disclose records was not the requester of the records that are the subject of the Complaint, the person lacks standing – and the Court lacks subject matter jurisdiction – over such a claim. Accordingly, because Buzzfeed was not the requester, it has no right to contest the denial of access the records at issue, and it lacks standing to purse this FOIA claim.

## **CONCLUSION**

For the foregoing reasons, Defendant respectfully requests the Court dismiss Plaintiff's Complaint with prejudice.

Dated: July 31, 2019                    Respectfully submitted,

JESSIE K. LIU, D.C. Bar No. 472845
United States Attorney

DANIEL F. VANHORN, D.C. Bar No. 924092
Chief, Civil Division

By: /s/ *April Denise Seabrook*
APRIL DENISE SEABROOK, D.C. Bar No. 993730
Assistant United States Attorney
555 Fourth Street, N.W.
Washington, D.C. 20530
Telephone: 202-252-2525
April.Seabrook@usdoj.gov

*COUNSEL FOR DEFENDANT*