**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| BUZZFEED, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No: 18-01556 (TSC) |
| | ) |
| U.S. DEPARTMENT OF JUSTICE, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**DEFENDANTS' MOTION FOR PARTIAL RECONSIDERATION**

# **TABLE OF AUTHORITIES**

**CASES**

*Akel v. U.S. Dep't of Just.*,
　No. 20-3240 (RDM), 2023 WL 2585667 (D.D.C. Mar. 21, 2023) .............................................. 5

*\*Bloche v. Dep't of Def.*,
　414 F. Supp. 3d 6 (D.D.C. 2019) ............................................................................................... 6

*Cap. Sprinkler Inspection, Inc. v. Guest Servs., Inc.*,
　630 F.3d 217 (D.C. Cir. 2011) ................................................................................................... 5

*Castañon v. United States*,
　No. 18-cv-2545, 2020 WL 5569943 (D.D.C. Sept. 16, 2020) ................................................ 5, 6

*Citizens for Responsibility & Ethics in Washington v. U.S. Dep't of Justice,*
　58 F.4th 1255 (D.C. Cir. 2023) .................................................................................................. 4

*Cobell v. Jewell*,
　802 F.3d 12 (D.C. Cir. 2015) ..................................................................................................... 1

*Hornbeck Offshore Transp., LLC v. U.S. Coast Guard*,
　No. 04-1724(CKK), 2006 WL 696053 (D.D.C. Mar. 20, 2006) ................................................ 7

*Murphy v. Exec. Off. for U.S. Att'ys*,
　11 F. Supp. 3d 7 (D.D.C. 2014), *aff'd*, 789 F.3d 204 (D.C. Cir. 2015) ..................................... 5

*\*Nat'l Sec. Couns. v. Cent. Intel. Agency*,
　No. 12-284 (BAH), 2016 WL 6684182 (D.D.C. Nov. 14, 2016) ............................................... 7

*Singh v. George Wash. Univ.*,
　383 F. Supp. 2d 99 (D.D.C. 2005) ............................................................................................. 6

*Sitka Sound Seafoods, Inc. v. Nat'l Lab. Rels. Bd.*,
　206 F.3d 1175 (D.C. Cir. 2000) ............................................................................................. 6, 7

*Stephenson v. Cox*,
　223 F. Supp. 2d 119 (D.D.C. 2002) ........................................................................................... 7

**RULES**

Fed. R. Civ. P. 54 ............................................................................................................................ 1, 5

**INTRODUCTION**

The Federal Bureau of Prisons ("BOP") and the United States Department of Justice (collectively "Defendants"), by and through undersigned counsel, respectfully move this Court, pursuant to Fed. R. Civ. P. 54(b) and LCvR 7, for partial reconsideration of the Court's August 30, 2023 Memorandum Opinion, DE 47.  Specifically, Defendants seek reconsideration of the Court's holding that they failed to demonstrate with "the requisite specificity to show whether withheld contractor names 'demonstrably pertain to the exchange of goods or services or the making of a profit.'"  *Id.* at 11 (citation omitted).  The Court's holding on that distinct issue was improper because Plaintiff Buzzfeed, Inc., unambiguously waived that issue in its summary judgment briefing, particularly when it wrote the following in its Reply brief:  "BOP spends the vast majority of its 25-page brief arguing about the harms that would supposedly result if the suppliers of execution drugs were revealed.  *But Plaintiff did not challenge the withholding of such names* unless they demonstrate straw buyers or unauthorized sellers, which BOP has now said under oath, . . . it has not used."  Pl.'s Reply in Supp. of its Mot. for Summ. J. at 2, DE 41 ("Pl.'s Reply") (emphasis added).

In light of Plaintiff's unambiguous waiver, Defendants' withholding of the contractors' names was not in dispute when the Court issued its Memorandum Opinion.  To correct a clear error, "as justice requires," *Cobell v. Jewell*, 802 F.3d 12, 25 (D.C. Cir. 2015) (citation omitted), the Court should grant Defendants' Motion for Reconsideration, find the issue of Defendants' withholding of the drug suppliers' names moot, and modify its Order, DE 48, in connection with its Memorandum Opinion to make clear that further briefing on the issue is not required.[1]

---

[1] Consistent with LCvR 7(m), undersigned counsel conferred with Plaintiff's counsel regarding Defendants' Motion.  Plaintiff believes the Court properly addressed the names of the drug suppliers and will oppose Defendants' efforts to move the Court to reconsider the issue.

## BACKGROUND

In this Freedom of Information Act ("FOIA") litigation, Plaintiff seeks information regarding lethal injection substances that Defendants considered for inclusion in its lethal injection protocol between August 23, 2013 and August 23, 2015. After a thorough search and careful review of records responsive to Plaintiff's FOIA request, Defendants determined that the vast majority of such records were exempt from disclosure under one or more of the following FOIA exemptions: Exemptions 4, 5, 6, 7(A), 7(C), 7(E), and 7(F). Accordingly, Defendants moved for summary judgment in support of all of their withholdings under the identified Exemptions. *See* Defs.' Mot. for Summary Judgment, DE 35.

In its opposition brief, Plaintiff stated that it was "challeng[ing] the withholding of the following information under Exemption 4 based on Defendants' failure to prove foreseeable harm under the 2016 FOIA amendments: dates of purchases or potential purchases; substance descriptions; price; and expiration dates." Pl.'s Combined Mem. in Opp'n to Defs.' Summ. J. Mot. & in Supp. of Pl.'s Cross-Mot. at 10, DE 37 ("Pl.'s Opp'n"); *see also id*. at 2 ("As to Exemption 4, Plaintiff does not object to Defendants' withholdings except for the names and descriptions of the substances at issue, prices, delivery dates, and expiration dates."). Plaintiff caveated its waiver of its right to challenge Defendants' other withholdings under Exemption 4 by stating, "[t]o the extent the purchases were made or contemplated to be made through straw buyers or suppliers not authorized by the FDA, Plaintiff also seeks supplier names or at least information sufficient to show that a straw buyer or unauthorized seller was involved." *Id*.

In response to Plaintiff's conditional objection, Defendants provided a declaration from a BOP official who attested, under oath, that "BOP never procured substances intended for use in the lethal injection protocol from a foreign source or through a straw buyer, nor did BOP contemplate

obtaining lethal injection substances in violation of FDA regulations." Suppl. Decl. of Rick M. Winter ¶ 3, DE 39-1 ("Suppl. Winter Decl."). The BOP declarant further stated that "no BOP documents exist showing such information for the relevant time period, and I have confirmed that the documents or information withheld in this case do not contain such information." *Id*.

In Plaintiff's Reply, it acknowledged that it had "elected not to challenge certain things," and that "[a]s a result of Plaintiff's reasonable efforts to narrow the scope of this case," there were only three issues remaining in dispute: "(1) the names and descriptions of the substances, prices, delivery dates, and expiration dates, which are withheld under Exemptions 4 and 7(A); (2) internal discussions withheld as deliberative process under Exemption 5; and (3) alleged 'techniques' for obtaining execution drugs withheld under Exemption 7(E)." Pl.'s Reply at 1. Plaintiff then stated the following:

> Despite this case being limited to these discrete categories of information, BOP spends the vast majority of its 25-page brief arguing about the harms that would supposedly result if the suppliers of execution drugs were revealed. But *Plaintiff did not challenge the withholding of such names unless they demonstrate straw buyers or unauthorized sellers*, which BOP has now said under oath, for the first time in its reply brief, that it has not used, at least not during the "relevant time period." ECF No. 40-1 at ¶ 3. Thus, BOP argues against a straw man.

*Id*. at 2 (emphasis added). After this statement, Plaintiff made no further mention of Defendants' withholding of the contractor names, nor did it suggest in any way that the issue remained in dispute.

While the Parties' cross-motions for summary judgment were pending, Defendants filed a notice stating that they would not be relying upon Exemption 7(A) for the reasons stated therein. Notice, DE 43.

On August 30, 2023, the Court issued its Memorandum Opinion in which it granted in part and denied in part both parties' motions for summary judgment. Mem. Op. at 1. The Court acknowledged that the parties had narrowed the scope of their dispute, but erroneously stated what

3

was left at issue. Even after quoting Plaintiff's description of what three issues remained in dispute, *see id*. at 5 (quoting Pl.'s Reply at 1), the Court mistakenly summarized the scope as follows: "Plaintiff[] no longer challenge[s] the Government's invocation of Exemptions 6, 7(c), 7(f), and attorney-client and attorney work product privileges under Exemption 5."[2] *Id*. The Court appears to have overlooked Plaintiff's statement that the only information withheld under Exemption 4 that it still pursued was "the names and descriptions of the substances, prices, delivery dates, and expiration dates" – i.e., not the names of the drug suppliers.

After denying Plaintiff's motion for summary judgment on the adequacy of BOP's search for responsive documents, Mem. Op. at 7, and granting Plaintiff's motion for summary judgment as to Exemption 7(E), *id*. at 9, the Court went on to examine Defendants' application of Exemption 4 to various information, including the names of the drug suppliers and contract information. *Id*. at 9-11. After analyzing the D.C. Circuit's decision in *Citizens for Responsibility & Ethics in Washington v. U.S. Dep't of Justice ("CREW II")*, 58 F.4th 1255, 1262 (D.C. Cir. 2023) – a case in which BOP's withholdings of the names of the Government's lethal injection drug suppliers in 2019 remains at issue – the Court concluded that Defendants had not shown with the requisite specificity whether the withheld contractor names fell within the "commercial" prong of Exemption 4. Mem. Op. at 11 (citing *CREW II*, 58 F.4th at 1269). The Court so held even though Plaintiff had never raised that issue in its summary judgment briefing. *See* Pl.'s Opp'n at 10-11 (arguing only that Defendants had not demonstrated foreseeable harm).

The Court ultimately denied both parties' summary judgment motions as to Exemption 4 and ordered "the Government to supplement the evidentiary record and its briefing on the application of Exemption 4." Mem. Op. at 11. The Court further ordered the parties to propose a

---

[2] The Court acknowledged that any dispute over these issues was moot. Mem. Op. at 5.

briefing schedule no later than October 2, 2023. Order. The parties have been conferring over the scope of the issues remaining in dispute. Defendants informed Plaintiff that they deemed the issue of the drug supplier names to be waived, notwithstanding the Court's Memorandum Opinion. Plaintiff's position is that the Court properly addressed the names of the drug suppliers. Plaintiff intends to oppose this Motion.

## ARGUMENT

**I.       Standards Governing a Motion for Reconsideration**

Under Rule 54(b) of the Federal Rules of Civil Procedure, a district court may reconsider its decisions "at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b); *see Cap. Sprinkler Inspection, Inc. v. Guest Servs., Inc.*, 630 F.3d 217, 227 (D.C. Cir. 2011). Decisions in FOIA actions that grant in part and deny in part the parties' summary judgment briefs are considered "interlocutory or non-final orders," and district courts treat motions to reconsider those orders under Rule 54(b)'s "as justice requires" standard. *Murphy v. Exec. Off. for U.S. Att'ys*, 11 F. Supp. 3d 7, 8 (D.D.C. 2014) (citation omitted), *aff'd*, 789 F.3d 204 (D.C. Cir. 2015). District courts in this Circuit often employ the following rubric (excerpted in relevant part) in assessing the "as justice requires" standard: "Justice may require revision when the Court has patently misunderstood a party, has made a decision outside the adversarial issues presented to the Court by the parties, [or] has made an error not of reasoning but of apprehension. . . ." *Akel v. U.S. Dep't of Just.*, No. 20-3240 (RDM), 2023 WL 2585667, at *8 (D.D.C. Mar. 21, 2023) (quoting *Castañon v. United States*, No. 18-cv-2545, 2020 WL 5569943, at *2 (D.D.C. Sept. 16, 2020) (three-judge court)); *see also Singh v. George Wash. Univ.*, 383 F. Supp. 2d 99, 101 (D.D.C. 2005) (same).

## II. Plaintiff Waived its Pursuit of the Names of Drug Suppliers and Justice Requires that the Issue Be Declared Moot

Here, the Court made a clear error of apprehension in addressing an issue outside of the contested issues presented by the parties, and justice requires that Plaintiff be barred from raising on supplemental briefing an issue that it previously waived. First, Plaintiff stated clearly in its Reply brief that the only issue remaining in dispute as to Exemption 4 was BOP's withholding of "the names and descriptions of the substances, prices, delivery dates, and expiration dates." Pl.'s Reply at 1. Plaintiff had stated in its opening brief that it only sought the names of the relevant drug suppliers "[t]o the extent the purchases were made or contemplated to be made through straw buyers or suppliers not authorized by the FDA." Pl.'s Opp'n at 2. When Defendants provided a declaration that no such information was being withheld, *see* Suppl. Winter Decl. ¶ 3, Plaintiff withdrew its challenge and characterized Defendants' continued defense of BOP's withholding of the names of the contractors as "a straw man." Pl.'s Reply at 2. The Court's failure to recognize this waiver constitutes a clear error of apprehension and justifies reconsideration under Rule 54(b).

Second, Plaintiff never briefed the issue of whether the contractor names fell within Exemption 4's "commercial" prong in its summary judgment briefing. Accordingly, it was not a contested issue presented to the Court, and Plaintiff should not be afforded the right to litigate the issue for the first time on supplemental briefing. *See Bloche v. Dep't of Def.*, 414 F. Supp. 3d 6, 23 n.5 (D.D.C. 2019) (granting summary judgment for the government in a FOIA matter where plaintiffs only raised an issue in their reply brief, citing the fact that "[c]ourts in this Circuit have 'generally held that issues not raised until the reply brief are waived'" (quoting *Sitka Sound Seafoods, Inc. v. Nat'l Lab. Rels. Bd.*, 206 F.3d 1175, 1181 (D.C. Cir. 2000)); *Nat'l Sec. Couns. v. Cent. Intel. Agency*, No. 12-284 (BAH), 2016 WL 6684182, at *31 n.16 (D.D.C. Nov. 14, 2016) (holding that plaintiffs waived their objections to the agency's rejection of a fee waiver request

6

because plaintiffs failed to reference "any remaining dispute" on that claim in response to the agency's summary judgment motion, despite plaintiffs' efforts to resurrect the dispute in supplemental briefing). *See also Hornbeck Offshore Transp., LLC v. U.S. Coast Guard*, No. 04-1724(CKK), 2006 WL 696053, at *23 (D.D.C. Mar. 20, 2006) ("[T]he Court construes Plaintiff's failure to respond as a concession that the Agency's arguments on this issue are meritorious."); and *Stephenson v. Cox*, 223 F. Supp. 2d 119, 122 (D.D.C. 2002) (noting that it is not the "[C]ourt's role . . . to act as an advocate for the [parties] and construct legal arguments on [their] behalf in order to counter those in the motion to dismiss") (citations omitted).

Justice requires that the Court reconsider its request for additional briefing on Exemption 4's applicability to the drug supplier names in light of Plaintiff's waiver. As noted, Plaintiff did not seriously challenge Defendants' withholding of the names in its opening brief, and then withdrew its challenge in light of BOP's supplemental declaration. Now, Plaintiff appears to seek this information only because the Court put it at issue. No new executions have been scheduled; indeed, the Attorney General issued a moratorium on federal executions on July 1, 2021, pending a review of the Department of Justice's policies and procedures regarding the administration of existing federal laws governing capital sentences. Notice, DE 42. Further, as BOP's Kara Christenson attests in the attached declaration, the two contractors whose names would be at issue supplied BOP with drugs – midazolam and hydromorphone – that were not part of BOP's 2019 Federal Execution Protocol and, accordingly, were not used during the federal executions carried out in 2020 and 2021. *See* Ex. A, Second Suppl. Decl. of Kara R. Christenson ¶ 6 (attached hereto). In fact, BOP no longer has possession of the two drugs it acquired during the relevant time as they are past their expiration dates. *Id*. Accordingly, considering Plaintiff's waiver and the stale nature of the information sought, the Court should exercise its discretion to

reconsider its prior ruling and deem moot Defendants' withholding of the drug suppliers' names under Exemption 4.

Further, Defendants would be prejudiced by having to brief the issue anew in this case. Had Plaintiff challenged Defendants' withholdings under the commerciality prong of Exemption 4, Defendants would not have solicited a declaration from its BOP declarant who attested unequivocally that during the relevant time, "BOP never procured substances intended for use in the lethal injection protocol from a foreign source or through a straw buyer, nor did BOP contemplate obtaining lethal injection substances in violation of FDA regulations," and that "no BOP documents exist showing such information for the relevant time." Suppl. Winter Decl. ¶ 3. The issue of whether BOP procured substances from a straw buyer was not identified in Plaintiff's FOIA request, its Complaint, or in any communications with the government prior to summary judgment briefing. BOP volunteered the information in an effort to further reduce the scope of the litigation, an effort which will be for naught if the Court denies Defendants' Motion.

Indeed, if the Court denies Defendants' Motion, Defendants will have to undertake the resource-intensive and time-consuming process of supporting its position through expert opinion and third party declarations as it recently did in the *CREW* case on remand.[3] *See* Def.'s Mot. for Summ. J., *CREW v. U.S. Dep't of Just.* ("*CREW I*"), No. 1:19-cv-03626-DLF (D.D.C.), Exs. B (Contractor 1 Decl.), C (Contractor 2 Decl.), and D (Expert Decl. of J. Lesch), DE Nos. 46-5 – 46-7. The Government should not be forced to expend such resources defending information that Plaintiff never suggested it wanted in the first place and is nearly a decade old by now.

---

[3] Defendants would have to secure declarations from a separate set of third parties as compared to those involved in the *CREW I* matter and would have to retain and pay for expert services again for this matter.

8

## **CONCLUSION**

For the reasons stated above, the Court should reconsider the portions of its Memorandum Opinion in which it addressed Defendants' withholding of the names of lethal injection drug suppliers and clarify its Order by stating that the issue is moot and further briefing unwarranted. A proposed Order is attached.

Dated: September 27, 2023          Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

ELIZABETH J. SHAPIRO
Deputy Director, Federal Programs Branch

/s/ *Jonathan D. Kossak*

JONATHAN D. KOSSAK
Trial Attorney (DC Bar # 991478)
U.S. Dep't. of Justice, Federal Programs Branch
1100 L Street, NW
Washington, D.C. 20005
Tel. (202) 305-0612; Fax. (202) 616-8460
Email:  jonathan.kossak@usdoj.gov

*Counsel for Defendants*

## **CERTIFICATE OF SERVICE**

I hereby certify that I filed the foregoing Motion for Partial Reconsideration with the Clerk of the Court through the ECF system on September 27, 2023. This system provided a copy to and effected service of this document on all parties.

/s/ Jonathan D. Kossak
JONATHAN D. KOSSAK
Trial Attorney (DC Bar # 991478)
United States Department of Justice
Federal Programs Branch