IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| BUZZFEED, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No: 18-01556 (TSC) |
| | ) | |
| U.S. DEPARTMENT OF JUSTICE, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**JOINT STATUS REPORT**

On August 30, 2023, the Court issued a Memorandum Opinion in this action, DE 47, and Order, DE 48, granting in part and denying in part the Parties' cross-motions for summary judgment. In its Order, the Court required the Parties to "meet and confer and file a joint scheduling order by no later than October 2, 2023, proposing further briefing and supplementation of the evidentiary record regarding information withheld under 5 U.S.C. § 552(b)(4), (5), consistent with" its Memorandum Opinion. *Id.* Pursuant to the Court's Order, the Parties – Plaintiff, Buzzfeed Inc., and Defendants, U.S. Department of Justice ("DOJ") and Federal Bureau of Prisons ("BOP") – hereby submit this joint status report with their respective views on further proceedings in this case:

1.  This is Freedom of Information Act ("FOIA") litigation in which Plaintiff seeks information regarding lethal injection substances that Defendants considered for inclusion in BOP's lethal injection protocol between August 23, 2013 and August 23, 2015. Defendants invoked numerous FOIA exemptions in withholding information responsive to the request and the Parties cross-moved for summary judgment. In its Memorandum Opinion, the Court granted summary judgment for Defendants regarding the reasonableness of its search, Mem. Op. at 6-7, and granted

summary judgment for Plaintiff on Defendants' invocation of Exemption 7(E).  *Id*. at 7-9.  As for the remaining Exemptions in dispute – 4 and 5 (the deliberative process privilege only) – the Court determined that further briefing was necessary to resolve them.  *See id*. at 9-13.  Accordingly, the Court denied the Parties' cross-motions for summary judgment as to the two remaining FOIA Exemptions.  *Id*.

2.  Specifically, the Court held as to Exemption 4, that "the Government's declarations and briefing lack the requisite specificity to show whether withheld contractor names 'demonstrably pertain to the exchange of goods or services or the making of a profit' and whether contract terms are identifying."  *Id*. at 11 (quoting *Citizens for Resp. & Ethics in Washington v. United States Dep't of Just. ("CREW II")*, 58 F.4th 1255, 1262 (D.C. Cir. 2023)).  As to Exemption 5, the Court ordered further briefing on the question of whether Defendants had sufficiently carried their burden to show that disclosure would lead to foreseeable harm.  *Id*. at 13.

3.  Soon after the Court issued its Memorandum Opinion and Order, the Parties, through counsel, began to meet and confer as required by the Court's Order.

4.  First, in its Order, the Court stated that Defendants were to produce all records with respect to information withheld or redacted under Exemption 7(E) within thirty days.  On September 8, 2023, Defendants reported to Plaintiff that they had not identified any information withheld or redacted purely under Exemption 7(E) – *i.e.*, that any information withheld or redacted under Exemption 7(E) was also withheld or redacted pursuant to the application of other FOIA Exemptions that are no longer in dispute or that are still the subject of further litigation under the Court's Order.

5.  Second, on September 21, 2023, Defendants informed Plaintiff that they would release any information remaining at issue for which Defendants' sole rationale for withholding

the information is the deliberative process privilege under Exemption 5.[1]  There are 8 records containing such information.  The records are Nos. 1, 19, 33, 45, 57, 58, 135, and 137.  *See* Pl.'s Opp'n at 11, ECF No. 37; Mem. Op. at 12, ECF No. 47.  Defendants will use their best efforts to produce these records by October 20, 2023.  As a result of this forthcoming release, the Parties agree that no further briefing regarding Exemption 5 is necessary.

6. Third, in an effort to determine the scope of the supplemental briefing as to Exemption 4, on September 21, 2023, Defendants informed Plaintiff that, despite language in the Court's Memorandum Opinion to the contrary, it is Defendants' understanding from Plaintiff's briefs that Plaintiff waived its right to challenge Defendants' withholding of the names of the suppliers of the lethal injection drugs during the relevant time period.  Defendants asked Plaintiff to confirm their understanding of Plaintiff's position on the contractor name issue.  On September 25, Plaintiff, through counsel, stated that the Court "properly addressed" the names of the drug suppliers and that it would oppose Defendants' motion for reconsideration on that issue.

7. Plaintiff further proposed to brief all of the Exemption 4 issues and the motion for reconsideration simultaneously.  On September 27, 2023, Defendants, through counsel, stated that such simultaneous briefing was inappropriate given the amount of resources they would have to expend briefing the contractor name issue – resources that would be saved if the Court agreed with Defendants that Plaintiff had waived the contractor name issue.  Defendants further informed Plaintiff that they would be filing a motion for partial reconsideration later that day and requested that further briefing on Exemption 4 be postponed until the Court ruled on their Motion for

---

[1] The Parties currently disagree regarding the nature of this release.  Defendants regard this as a discretionary release.  Plaintiff contends that the information is not exempt, that Defendants are required to release it, and that its release thus cannot be discretionary.

Reconsideration. Plaintiff has rejected that proposal and the Parties are currently at an impasse. In the meantime, Defendants filed their Partial Motion for Reconsideration on September 27, 2023. *See* Defs.' Partial Mot. for Reconsideration, DE 49. The Parties set forth their respective positions regarding further proceedings in this case below.

**Plaintiff's Position**

8. Plaintiff proposes that the Court order the Parties simultaneously brief their cross-motions for summary judgment and Defendants' Partial Motion for Reconsideration. This would allow the Court and the Parties to realize efficiencies by simultaneously addressing related issues concerning the contractors' names and reducing the number of briefs and opinions in this case. Though Defendants have already filed for partial reconsideration, they did so only after rejecting Plaintiff's proposal that the motions be briefed at once. Any duplicative work for Defendants thus would be self-inflicted.

9. Defendants offer no sound reason to delay summary judgment proceedings, which are occurring only because the Court held that Defendants failed to meet their Exemption 4 burden and gave them another chance to do so. *See* Mem. Op. at 11. In their Partial Motion for Reconsideration, they cite the need to get declarations from third parties and an expert. *See infra* ¶ 11 (citing Defs.' Partial Mot. for Reconsideration at 8)  But they will likely need to approach the third parties anyway to fix their failures of proof on the issues all Parties agree are in dispute. And they have already procured an expert report in the *CREW* litigation that addresses the precise question they argue the Court should not have decided—whether names of lethal injection suppliers satisfy Exemption 4—and that does not rely on any facts specific to that case. *See* Expert Decl. of J. Lesch, *CREW v. DOJ,* No. 19-cv-03626, ECF No. 46-7 (July 21, 2023). Any marginal

cost to procuring a similar report here would be too minimal to outweigh the efficiencies that would inhere in resolving the two motions at once.

10. Finally, Defendants' failure of proof in the first round of summary judgment has already imposed additional costs on Plaintiff by requiring it to brief summary judgment again, including on the issues Defendants agree properly remain in dispute. Simultaneously briefing partial reconsideration and summary judgment would save Plaintiff costs by requiring its counsel to draft one fewer brief.

**Defendants' Position**

11. Defendants propose that the Court postpone further briefing on Exemption 4 until 45 days after it resolves Defendants' Partial Motion for Reconsideration. Under this scenario, Defendants would file their opening brief for summary judgment 45 days after the Court rules on its Motion; Plaintiff would have 30 days to respond and file a cross-motion for summary judgment; Defendants would have 30 days to file their reply; and Plaintiff would have 30 days to file its reply. Defendants' proposal best serves the goals of judicial economy and the conservation of the Parties' resources as explained in their Partial Motion for Reconsideration. *See* Defs.' Partial Mot. for Reconsideration at 8.

12. Plaintiff's suggestion that efficiencies would be created by having the Parties brief an issue it has already waived is mistaken. Plaintiff states that its proposal will result in one less brief, but it will have to respond to Defendants' Partial Motion for Reconsideration regardless of whether it drafts it as a stand-alone brief or includes the argument in its cross-motion for summary judgment. And Plaintiff ignores the fact that if the Court rules in Defendants' favor on the Partial Motion for Reconsideration, the Parties will have far less to brief, and the Court will have far less to decide. Further, Plaintiff's speculation regarding the costs and resources that will be incurred

5

by Defendants in briefing the contractor name issue is ill-founded. In the *CREW* matter, the Government did not rely on third-party declarations to any significant degree in briefing the contract terms issue, which is the only issue that would remain in dispute here if the Court rules in Defendants' favor on the Partial Motion for Reconsideration. *See CREW v. DOJ,* No. 19-cv-03626, ECF No. 46-1 at 15-19.

13. As for Plaintiff's contention that the Government's expert costs are too minimal to outweigh the efficiencies from simultaneous briefing, the Government should not have to bear any such expense in light of Plaintiff's waiver, particularly where, as discussed, no efficiencies result from simultaneous briefing. Nor can Plaintiff seriously suggest that it will be harmed by waiting for the Court to rule on the Partial Motion for Reconsideration considering Plaintiff's failure to challenge the contractor names issue in its prior summary judgment briefing.

**Proposed Briefing Schedules**

14. If the Court adopts Plaintiff's position, the Parties propose the following schedule:

- November 6, 2023: Defendants' motion for summary judgment.

- December 4, 2023: Plaintiff's opposition to Defendants' motion for summary judgment and cross-motion for summary judgment, and opposition to Defendants' partial motion for reconsideration.

- January 10, 2024: Defendants' reply in support of Defendants' motion for summary judgment and opposition to Plaintiff's motion for summary judgment, and reply in support of Defendants' partial motion for reconsideration.

- February 7, 2024: Plaintiff's reply in support of its motion for summary judgment.

15. Alternatively, if the Court adopts Defendants' position, the Parties propose that the following schedule govern the remaining briefing on Defendants' Partial Motion for Reconsideration.

- October 18, 2023: Plaintiff's opposition to Defendants' Partial Motion for Reconsideration.

- November 3, 2023: Defendants' reply in support of Defendants' Partial Motion for Reconsideration.

Dated: September 29, 2023                            Respectfully submitted,


                                                    */s/ Stephen Stich Match*
                                                    Matthew Topic, D.C. Bar No. IL0037
                                                    Stephen Stich Match, D.C. Bar No. MA0044
                                                    Merrick Wayne, D.C. Bar No. IL0058
                                                    LOEVY & LOEVY
                                                    311 N. Aberdeen, Third Floor
                                                    Chicago, IL 60607
                                                    Tel. (520) 488-0486
                                                    match@loevy.com
                                                    foia@loevy.com

                                                    *Attorneys for Plaintiff*


                                                    BRIAN M. BOYNTON
                                                    Principal Deputy Assistant Attorney General

                                                    ELIZABETH J. SHAPIRO
                                                    Deputy Director

                                                    */s/ Jonathan D. Kossak*

                                                    JONATHAN D. KOSSAK
                                                    Trial Attorney (DC Bar # 991478)
                                                    U.S. Dep't. of Justice, Federal Programs Branch
                                                    1100 L Street, NW
                                                    Washington, D.C. 20005
                                                    Tel. (202) 305-0612; Fax. (202) 616-8460
                                                    Email:  jonathan.kossak@usdoj.gov


                                                    *Counsel for Defendants*