UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **BUZZFEED, INC.**, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 18-cv-1556 (TSC) |
| **U.S. DEPARTMENT OF JUSTICE,** *et al.*, | ) |
| Defendants. | ) |

**MEMORANDUM OPINION**

Plaintiff BuzzFeed, Inc. brought this action against the United States Department of Justice ("DOJ") and the Federal Bureau of Prisons ("BOP") (collectively, "the Government") under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"). BuzzFeed seeks to compel production of certain documents related to BOP's acquisition and use of lethal injection drugs, and the Government has withheld all responsive documents pursuant to various FOIA exemptions. The court previously granted in part and denied in part both parties' motions for summary judgment. Mem. Op., ECF No. 47; Order, ECF No. 48. The Government moved for partial reconsideration, claiming that Plaintiff had waived its challenge to the Government's withholding of contractor names under FOIA exemption 4, and the court clearly erred in positing that Plaintiff was challenging that issue. For the following reasons, the court will GRANT the government's motion.

**I. BACKGROUND**

The court has set forth the relevant background in its previous Memorandum Opinion. In short, BuzzFeed reporter Christopher McDaniel submitted a FOIA request to DOJ requesting

that BOP provide all records related to the Government's use of lethal injection drugs. Christenson Decl., ECF No. 35-4 ¶ 12. The request was referred to BOP, which determined that all responsive documents should be withheld in full under FOIA exemptions 5, 6, 7(A), 7(C), 7(E) and 7(F). *Id.* ¶¶ 13, 15. In its Memorandum Opinion, the court noted that Plaintiff was challenging "(1) the names and descriptions of the substances, prices, delivery dates, and expiration dates, which are withheld under Exemptions 4 and 7(A); (2) internal discussions withheld as deliberative process under Exemption 5; and (3) alleged 'techniques' for obtaining execution drugs withheld under Exemption 7(E)." Mem. Op. at 5.

The court granted in part and denied in part both parties' motions for summary judgment. It declined to order a supplemental search, concluding that BOP's search was adequate, *id.* at 6–7; granted BuzzFeed's motion for summary judgment as to exemption 7(E), holding that the Government failed to show that the exemption covered the withheld documents, *id.* at 7–9; denied both parties' motions for summary judgment regarding exemption 4 after finding that the record was insufficient to allow the court to determine whether exemption 4 was properly applied, *id.* at 9–11; and denied both parties motions for summary judgment regarding exemption 5, concluding that the Government failed to demonstrate foreseeable harm, *id.* at 11–13.

The court ordered the Government to produce all records with respect to information withheld or redacted under exemption 7(E) within 30 days and asked the parties file a joint status report proposing further briefing and supplementation of the record regarding information withheld under Exemptions 4 and 5. *See* Order. The Government subsequently moved for partial reconsideration, arguing that Plaintiff waived the issue of whether Defendant properly withheld the names of its lethal injection drug suppliers under FOIA exemption 4, and the court therefore should have dismissed that claim as moot. Defs.' Mot. for Partial Recons., ECF No. 49

at 6–8 ("Motion").  The court requested the parties brief the motion for reconsideration before commencing further summary judgment briefing on FOIA exemptions 4 and 5.  Min. Order, Oct. 19, 2023.  In its opposition to the motion for partial reconsideration, Plaintiff argued that an intervening change in the law warranted the supplemental briefing.  Pls.' Opp'n to Defs.' Partial Mot. for Recons., ECF No. 52 at 5–13 ("Opp'n to Motion").

## II. LEGAL STANDARD

Under the Federal Rules of Civil Procedure, a court may reconsider interlocutory orders "at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities," Fed. R. Civ. P. 54(b), "as justice requires," *Capitol Sprinkler Inspection, Inc. v. Guest Servs., Inc.*, 630 F.3d 217, 227 (D.C. Cir. 2011) (citation omitted).  Decisions in FOIA actions that grant in part and deny in part motions for summary judgment are considered interlocutory orders subject to this "as justice requires" reconsideration.  *Murphy v. Exec. Off. for U.S. Att'ys*, 11 F. Supp. 3d 7, 8 (D.D.C. 2014) (citation omitted).

"In general," justice requires granting reconsideration "only when the movant demonstrates: (1) an intervening change in the law; (2) the discovery of new evidence not previously available; or (3) a clear error in the first order." *Id.* (formatting modified; citations omitted).  "Ultimately, the moving party has the burden to demonstrate that reconsideration is appropriate and that harm or injustice would result if reconsideration were denied." *United States v. All Assets Held at Bank Julius, Baer & Co., Ltd.*, 315 F. Supp. 3d 90, 96 (D.D.C. 2018) (quotation omitted).

## III. ANALYSIS

The court erred in ordering supplemental briefing on the issue of withholding contractor names pursuant to FOIA exemption 4 because Plaintiff waived the issue.  "Whereas forfeiture is

the failure to make the timely assertion of a right, waiver is the intentional relinquishment or abandonment of a known right." *United States v. Olano*, 507 U.S. 725, 733 (1993) (formatting modified; citations omitted). A party waives an issue if, "after expressing a clear and accurate understanding of the issue," the party refrains from imposing "any challenge" to it. *Keepseagle v. Perdue*, 856 F.3d 1039, 1053 (D.C. Cir. 2017) (quoting *Wood v. Milyard*, 566 U.S. 463, 474 (2012)) (formatting modified).

The Government informed Plaintiff of the information it withheld pursuant to specific exemptions in a *Vaughn* index. *See* Christenson Decl., Ex. F. That index disclosed that the Government applied exemption 4 to contractor names. *Id.* In its summary judgment briefing, however, Plaintiff expressly claimed that the only exemption 4 issue remaining was the withholding of "the names and descriptions of the substances, prices, delivery dates, and expiration dates." Pls.' Reply in Supp. of Mot. for Summ. J., ECF No. 41 at 1. Thus, Plaintiff demonstrated an understanding of exemption 4 withholdings, and chose not to challenge to the Government's withholding of contractor names pursuant to exemption 4. Indeed, Plaintiff only "object[ed]" to withholding of the contractor names "[t]o the extent the purchases were made or contemplated to be made through straw buyers or suppliers not authorized by the FDA," Pls.' Opp'n to Defs.' Mot. for Summ. J., ECF No. 37 at 2, and Defendants declared that no such information was being withheld, *see* Defs.' Reply in Supp. of Mot. for Partial Recons., ECF No. 53 at 9 ("Reply"). Consequently, the parties never briefed the contractor names issue.

The interests of justice also support granting the motion for reconsideration. Plaintiff chose not to press the contractor names issue, unlike other litigants in similar cases, such as *Citizens for Resp. & Ethics in Washington v. U.S. Dep't of Just.*, 58 F.4th 1255 (D.C. Cir. 2023) (*CREW*). This is not a case where "an issue . . . did not become available" to the party "until

years after" they failed to raise it. *See United States v. Cannady*, 63 F.4th 258, 267 (4th Cir. 2023) (refusing to find waiver or forfeiture where a criminal defendant did not raise a challenge at his initial sentencing to a career offender enhancement because no such challenge was available until a subsequent change in law). Rather, Plaintiff chose to focus on other issues and not to preserve a contractor names challenge, only to apparently regret its choice when the D.C. Circuit decided *CREW*, holding that the BOP failed to justify withholding contractor names under exemption 4.

Plaintiff does not contest that it waived and failed to brief the contractor names issue. Instead, it argues that supplemental briefing is warranted on alternate grounds. First, because an intervening change in the law in *CREW* vitiated its waiver and allowed it to revive the contractor names issue in a notice of supplemental authority. Opp'n to Motion at 5–9. That argument fails for several reasons. An intervening change in the law can only excuse waiver if the legal basis for the issue "did not exist at the time," *Gilmore v. Palestinian Interim Self-Gov't Auth.*, 843 F.3d 958, 964–65 (D.C. Cir. 2016); *accord Cannady*, 63 F.4th at 267, yet Plaintiff fails to explain how *CREW* changed controlling law regarding the contractor names, *see* 58 F.4th at 1266 ("we have never considered whether Exemption 4 applies to a business's name"). In addition, Plaintiff's notice of supplemental authority did not request supplemental briefing or even attempt to place the contractor names issue back on the table. *See* Notice of Suppl. Authority, ECF No. 44 (merely explaining the holding of *CREW*). And finally, the court addressed the contractor names issue because of an oversight, not because of *CREW* or the notice of supplemental authority. *See* Mem. Op. at 5 (noting that Plaintiff was challenging the withholding of contractor names under exemption 4).

Next, Plaintiff argues that supplemental briefing was appropriate because of "independent reasons specific to FOIA cases." Opp'n to Motion at 9. It contends that because FOIA requires the court to determine whether the agency has disclosed all non-exempt portions of the document that are reasonably segregable from the withheld portions, "the [c]ourt was required to ensure [the contractor names] were properly redacted" even if Plaintiff did not challenge the withholding. *Id.* at 9–11. But this confuses the court's *ability* to raise segregability sua sponte with an *obligation* to do so. *See id.* at 10 (citing cases where courts have raised segregability sua sponte). The segregability principle does not require the court to address a waived issue. As the Government correctly notes, "[i]f that were the case, then a Plaintiff could never waive a challenge to an agency's withholdings and the courts would be burdened with addressing the application of FOIA exemptions that both parties agreed were no longer in dispute." Reply at 7.

Plaintiff also notes that "courts in FOIA cases routinely exercise their discretion to consider exemption issues not raised by the parties." Opp'n to Motion at 11. This argument again conflates the court's *discretion* with the court's *obligations*. In addition, Plaintiff fails to identify how its waiver of the contractor names issue would comply with the legal standard for excusing waiver in a FOIA case, which, in the D.C. Circuit, requires "extraordinary circumstances," *Stonehill v. IRS*, 558 F.3d 534, 541–42 (D.C. Cir. 2009).

Finally, Plaintiff argues that justice does not favor reconsideration because any prejudice to the Government is "minimal," and the public remains interested "in knowing who supplied [the] government with lethal substances" regardless of whether those substances were ultimately used in executions. Opp'n to Motion at 11–13. Any potential public benefit of disclosing the names of lethal injection contractors, however, is outweighed by the interest in holding

experienced litigants to their concessions and avoiding unnecessary litigation burdens, especially considering the current moratorium on federal executions. *See supra* at 4–5. The court erred, and Plaintiff should not unjustly benefit from the oversight.

## IV. CONCLUSION

Accordingly, the Government's partial motion for reconsideration will be GRANTED. The Order accompanying the court's prior Memorandum Opinion, ECF No. 48, will be VACATED and a new Order will be issued.

Date: January 18, 2024

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge